Todd Blanche
Attorney General of the United States
Letitia A. Sikes
Assistant United States Attorney
Eastern District of Washington
402 East Yakima Ave, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUFF RICHARD FRANCE,<br><br>Defendant. | Case No.: 1:26-CR-2083-SAB<br><br>Motion for Detention |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

A. <u>18 U.S.C. § 3142(e) and (f)</u>

1. <u>Eligibility of Case</u>

This case is eligible for a detention order because the case involves (check one or more):

☒ Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which includes any felony under Chapter 77, 109A, 110 and 117);

☐ A violation of 18 U.S.C. § 1591;

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum penalty of 10 years or more;

☐ Maximum penalty of life imprisonment or death;

☐ Drug offense with maximum penalty of 10 years or more;

☐ Felony, with two prior convictions in above categories;

☐ Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☐ Minor Victim ☐ Firearm ☐ Destructive Device

☐ Dangerous Weapon ☐ Failure to Register

☒ Serious risk Defendant will flee (as specified below); or

☒ Serious risk obstruction of justice (as specified below).

2. Reason for Detention

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure (check one or both):

☒ Defendant's appearance as required; or

☒ Safety of any other person and the community.

3. Rebuttable Presumption.

The United States

☐ will

☒ will not

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☐ Drug offense with maximum penalty of 10 years or more;

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ An offense under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐ An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐ Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

4. Time for Detention Hearing

The United States requests that the Court conduct the detention hearing:

☐ At the first appearance, or

☒ After a continuance of three days.

//

//

B. <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Dated: November 12, 2026.

Todd Blanche
Attorney General

*s/ Letitia A. Sikes*
Letitia A. Sikes
Assistant United States Attorney